# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| THE PUBLIC SCHOOL RETIREMENT SYSTEM OF MISSOURI and THE PUBLIC EDUCATION EMPLOYEE RETIREMENT SYSTEM OF MISSOURI, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 09-4214-CV-C-NKL |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

# ORDER

Plaintiffs, The Public School Retirement System of Missouri and The Public Education Employees Retirement System, filed this action against Defendant State Street Bank and Trust Company ("State Street") in the Circuit Court of Cole County, Missouri. State Street filed a timely Notice of Removal, stating that jurisdiction is based on diversity of citizenship. Before the Court is Plaintiffs' motion to remand [Doc. # 10]. The Court grants the motion.

## I. Factual Background[1]

According to Plaintiffs' state court Petition, Plaintiffs are two pension plans for public school employees and retirees in Missouri. Plaintiffs were established by Missouri statute

---

[1] The parties do not dispute the facts relevant to a determination of Plaintiffs' motion.

for the purpose of administering and paying retirement and other benefits to the public school teachers and nonteacher employees of public school districts.

State Street, a citizen of Massachusetts for diversity purposes, manages and serves as custodian for some of Plaintiffs' assets. The Petition says that a series of documents governs that relationship: the Master Custodian Agreement, a Declaration of Trust, and a Securities Lending Authorization Agreement; each agreement is attached to the Petition. The Master Custodian Agreement contains a forum selection clause which states:

> [A]ny action regarding the terms or performance or breach of this Agreement shall be brought in either Cole County Circuit Court in the State of Missouri or in the United States District Court for the Western District of Missouri, as shall be elected by either [Plaintiff] in [its] sole and absolute discretion. . . . [State Street] shall take whatever actions are necessary to effectuate [that] election . . . .

(Doc. # 11 at 4.) The Securities Lending Authorization Agreement allows Plaintiffs to elect venue in the United States District Court for either the Western District of Missouri or the Eastern District of Missouri. The Declaration of Trust does not have a forum selection clause. State Street drafted all three agreements.

The Petition invokes provisions of all three agreements, including numerous provisions from the Declaration of Trust. Count I for breach of fiduciary duty indicates that State Street's fiduciary duty arises out of its position as trustee and that it violated duties of an "investment fiduciary" under Missouri law. Count II asserts a claim for breach of contract under the Master Custodian Agreement and the Securities Lending Authorization Agreement. Count III requests declaratory judgment, citing to the terms of the Master Custodian

Agreement and the Declaration of Trust. Count IV seeks injunctive relief, citing to the terms of the Master Custodian Agreement. In their motion for remand, Plaintiffs indicate that they are claiming that State Street breached all three agreements.

Plaintiffs argue that the Court must remand this action because (1) the Court lacks subject matter jurisdiction over them because they are not "citizens" of Missouri for purposes of determining diversity jurisdiction, and (2) the forum selection clause in the Master Custodian Agreement gives Plaintiffs the right to pursue this action in the Missouri state court located in Cole County. State Street contends that (1) Plaintiffs are citizens of Missouri for purposes of diversity and (2) the forum selection clause of the Master Custodian Agreement does not control because Plaintiffs' claims arise under the Declaration of Trust which does not contain a forum selection clause.

## II. Discussion

### A. Diversity Jurisdiction

For purposes of this motion the Court will assume, without deciding, that it has jurisdiction as argued by State Street.

### B. Forum Selection Clause

Plaintiffs argue that State Street is bound by the forum selection clause in the Master Custodian Agreement with regard to all claims in Plaintiffs' Petition. Again, that clause allowed Plaintiffs to choose between Cole County court and federal court; the Securities Lending Authorization Agreement requires Plaintiffs to choose between two federal court venues and the Declaration of Trust has no forum selection clause. Plaintiffs' allegations call

3

upon provisions of all three agreements. The parties do not argue that Plaintiffs' claims turn on the Securities Lending Authorization Agreement such that its forum selection clause would extend to Plaintiffs' claims. Instead, Plaintiffs argue that State Street's breaches of the Master Custodian Agreement are at the heart of their claims, and that its terms – specifically, its forum selection clause – extend to their claims concerning the Declaration of Trust. State Street argues, however, that Plaintiffs' claims are grounded in the Declaration of Trust and, therefore, there is no operative forum selection clause.

"Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid. Where . . . the forum selection clause is the fruit of an arm's length negotiation, the party challenging the clause bears an especially heavy burden of proof to avoid its bargain." *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) (citation and internal punctuation omitted). There is no indication that the agreements in this case were the fruit of anything but an arm's length negotiation by sophisticated parties. Consideration of the forum selection clause is set against the notion that "federal courts give considerable deference to a plaintiff's choice of forum." *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (considering a forum selection clause on a motion to transfer). Also, "when ordinary contract principles fail to elucidate a single reasonable interpretation for an ambiguous [forum selection clause], and instead the provision is subject to opposing yet reasonable interpretation, an interpretation is preferred which operates more strongly against" the drafter. *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269 (11th Cir. 2004) (citation omitted).

4

In what forum should a case be heard where the dispute – on the face of a Petition – draws upon three different agreements, two with conflicting forum selection provisions and one with no forum selection provision? Where, as here, several contracts are executed by the same parties concerning the same subject matter, it is appropriate to construe those contracts together unless they indicate a contrary intent. *See* Richard A. Lord, Williston on Contracts § 30:26.

The Court looks to the language of the relevant agreements first. The Master Custodian Agreement's forum selection clause applies to disputes "regarding the terms or performance or breach" of that agreement. The question then becomes whether the Declaration of Trust is part of that agreement.

The Master Custodian Agreement expressly extends its terms to the "securities lending program," but does not define the "program." [*See* Doc. # 5, Ex. 1 ("The provisions regarding the securities lending program to be provided by Custodian for the benefit of [Plainitffs] as set forth on Exhibit A hereto are incorporated by reference as if fully set forth herein.")]. However, the parties appear to agree that all three agreements in this case relate to that program: State Street's own response brief indicates that the parties' dispute centers on the program, including all of the agreements cited in the Petition. [*See* Doc. # 16, Resp. Mot. Remand at 2 ("State Street and [Plaintiffs] entered into a series of agreements pursuant to which State Street became custodian of securities that [Plaintiffs] invested in State Street's securities lending program.").] There appears to be no dispute that the only purpose of the Declaration of Trust was to facilitate the securities lending program. State Street drafted the

agreements, was aware of their terms, and could have expressly provided that all claims regarding the Declaration of Trust must be brought in a federal forum; instead, the Declaration of Trust is silent as to forum. *See generally Robert Bosch Corp. v. ASC Inc.*, 195 Fed. Appx. 503, 507 (6th Cir. 2006) (citation omitted) (stating that the "failure to specifically reserve the right to a judicial forum is evidence of a lack of intent to do so as it specifically reserved [a state forum] elsewhere"). The Declaration of Trust is part of the securities lending program, and the terms of the Master Custodian Agreement is the unifying document extending to the provisions of that program; thus, the terms of the Master Custodian Agreement – including its forum selection clause – extend to the obligations of the Declaration of Trust.

This finding is consistent with case law considering the reach of forum selection clauses to claims beyond the contracts in which they appear; these cases focus on the relationship between the clauses and claims. For example, in the recent *Encompass Advisors, Ltd. v. Unapen, Inc.*, — F. Supp. 2d —, No. 1:09cv229, 2009 WL 4282819 (W.D.N.C. Nov. 30, 2009), the court found that a forum selection clause in one of three agreements extended to another of the agreements (which did not have a forum selection clause); the court reasoned that the contracts were between the same parties, concerned the same subject, should be read together, and noted that the plaintiffs' claims were inseparable. *Id.* at *7. *See also Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 693-94 (8th Cir. 1997) (considering whether a forum selection clause in a contract extended to related tort claims and stating various tests for determining reach of such clauses to tort claims: whether tort

claims depend on the existence of a contractual relationship; whether resolution of the claims turns on interpretation of the contract; and whether the claims turn on the same operative facts); *First Choice Bus. Brokers, Inc. v. Ken Dobbs Moneyline, Inc.*, No. 2:08-cv-01487-RLH-RJJ, 2009 WL 1652185, at *5 (June 9, 2009) (extending a forum selection clause to non-signatories where "the connection between [the defendants'] conduct and the contractual agreement is 'so closely related' that it is reasonable to extend the forum selection clause to include them"). Here, all of the agreements relate to the same program such that they should be read together. Plaintiffs' claims center on the same operative facts – State Street's alleged misconduct with regard to the securities lending program – such that separating them would be nearly impossible. While not dispositive, even assuming that Plaintiffs' claims relating to each agreement could be separated, it would certainly be inefficient to force the parties to litigate in separate courts. *See JPMorgan Chase Bank, N.A. v. Coverall No. Amer., Inc.*, No. 1:08CV0805, 22009 WL 1531779, at *3-4 (N.D. Ohio June 1, 2009) (noting courts considering judicial economy as a factor in determining propriety of venue for tort and contract claims in the presence of a forum selection clause). A review of the Petition indicates that a court must refer to the Master Custodian Agreement to award Plaintiffs complete relief, though the same cannot be said of the Declaration of Trust. *See Encompass,* 2009 WL 4282819 at *4. Both parties could have anticipated that Plaintiffs' claims concerning the Master Custodian Agreement and the related Declaration of Trust would be subject to Plaintiffs' choice of forum. *See generally Terra*, 119 F.3d at 695. Plaintiffs'

claims concerning the Declaration of Trust are governed by the Master Custodian Agreement's forum selection clause.

Enforcing the forum selection clause in the Master Custodian Agreement does not deprive State Street of its day in court. *See generally Marano Enterp. of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 758 (8th Cir. 2001) (enforcing forum selection clause). It may argue the merits of Plaintiffs' case in the forum anticipated by the Master Custodian Agreement that it drafted, the forum where Plaintiffs first filed this action.

### C. Attorneys Fees

Plaintiffs request attorneys fees and costs associated with their motion to remand. The law concerning both issues presented to the Court is not well defined and State Street's arguments were well developed. The Court denies the request for fees and costs.

## III. Conclusion

Accordingly, it is hereby ORDERED that [Doc. # 10] is GRANTED and the matter REMANDED to the Cole County court.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  January 21, 2010
Jefferson City, Missouri